UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CATHY SINGLETON,

    Plaintiff,

vs.                                            Case No. 1:20-cv-01251-DHU-JHR

WALMART INC. d/b/a SAM'S CLUB,

    Defendant.

### OPPOSED MOTION TO TAKE PLAINTIFF'S DEPOSITION

Defendant moves the Court for leave to take Plaintiff's deposition after the close of discovery. As grounds for this Motion, Defendant states that Plaintiff agreed to extend the time to conduct depositions in this case, but then unexpectedly rescinded that agreement. Defendant relied on Plaintiff's multiple representations that she would agree to extending the time to conduct depositions in this case. If granted, the relief requested would not impact any other pretrial deadline and will not prejudice Plaintiff. Trial has not been set in this case.

Plaintiff opposes this Motion.

The good cause grounds for this Motion are more particularly stated as follows:

1. On January 25, 2022, counsel for Plaintiff suggested the parties engage in discussions in an attempt to resolve the case instead of incurring the costs and fees by going forward with the depositions Defendant planned to take.

2. After multiple calls and over the course of several weeks, a resolution was not reached. The parties had previously participated in court-ordered mediation.

3. On February 21, 2022, counsel for Plaintiff wrote "[w]e need to exchange dates [for depositions] and amend the scheduling order."

4. The same date, counsel for Defendant requested dates for depositions.

5. Counsel for Plaintiff responded that they would provide dates for depositions.

6. While Defendant provided proposed extended pretrial deadlines, as suggested and requested by Plaintiff, Plaintiff reneged on the agreement to extend the deadlines for pretrial and schedule depositions.

7. Plaintiffs also never provided the dates for deposition that Defendant requested.

8. Defendant only seeks to take Plaintiff's deposition. It does not seek to extend all the pretrial deadlines, but only requests leave to depose Plaintiff based on opposing counsel's repeated representations that depositions would be scheduled after the parties' efforts to settle the case concluded and Plaintiff's failure to provide the requested dates for her deposition.

9. The relief requested will not prejudice Plaintiff, and the Court should allow it because Defendant reasonably relied on opposing counsel's repeated representations and agreement that depositions would be scheduled after the parties' discussions towards resolution concluded.

10. Counsel for Defendant is prepared to take Plaintiff's deposition expeditiously at the convenience and availability of Plaintiff and her counsel.

WHEREFORE, Defendant respectfully requests the Court enter an order allowing Defendant to take Plaintiff's deposition in accordance with her counsel's representations that depositions would be scheduled in this case after the parties' informal settlement negotiations concluded.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (Telephone)

505.231.0415 (Facsimile)
clamont@littler.com

Nathaniel Higgins
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.652.4738 (Telephone)
713.951.9212 (Facsimile)
nhiggins@littler.com

**ATTORNEYS FOR DEFENDANT**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants this 4th day of May, 2022:

Jason Bowles
Bowles Law Firm
4811 Hardware Drive, N.E., Building D, Suite 5
Albuquerque. NM 87109
jason@bowles-lawfirm.com

Robert Gorence
Gorence & Oliveros
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
gorence@golaw.us

Todd J. Bullion
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
toddjbullion@gmail.com

*/s/ Charlotte Lamont*
Charlotte Lamont

4865-3242-0638.1 / 080000-4136

3