UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CATHY SINGLETON,

    Plaintiff,

vs.                                                                                          20-CV-01251 DHU-JHR

WALMART INC. d/b/a SAM'S CLUB

    Defendant.

---

**PLAINTIFF'S RESPONSE TO OPPOSED MOTION TO TAKE PLAINTIFF'S DEPOSITION [Doc. 38]**

---

Plaintiff Cathy Singleton, by and through her counsel of record, Jason Bowles of Bowles Law Firm, Robert Gorence of Gorence Law Firm, and Todd J. Bullion of Law Office, hereby responds to the Opposed Motion to Take Plaintiff's Deposition (Doc. 38), and states as follows:

Ms. Singleton opposes the request for defense to have leave to take her deposition out of time, well after discovery has closed and all deadlines have passed. The parties have already completed and filed a pretrial order. Plaintiff is unable to conduct any further discovery and there are no good grounds to allow the defense to do so out of time.

1.     WalMart fails to inform the Court that this case involved two discovery extensions granted by the Court to permit all parties plenty of time to conduct discovery that they deemed was necessary.

2.     The parties did attend a Court ordered mediation but were too far apart to meaningfully settle, and the parties attempted to further work on a resolution but at no time did the Court stay proceedings nor did any party seek a stay.

3.      Ms. Singleton did not rescind any agreement to extend deadlines. While the parties had sought extensions twice before and contemplated a third request, there was no agreement reached to do so. In fact, Ms. Singleton made several requests in the fall of last year to get depositions set up, at times without a return email from counsel for WalMart. While informal settlement discussions were left open by the parties, that did not stop either party from setting depositions and conducting needed discovery.

4.      When it became apparent that WalMart was not going to diligently pursue discovery or negotiate in good faith, Ms. Singleton indicated that she wanted her day in Court and that the case had been pending for quite some time and to proceed to trial.

5.      Counsel for WalMart, if it needed another extension, should have filed one with the Court prior to the close of discovery and prior to submission and filing of the Pretrial order, which was filed per the Court's scheduling order by both parties.

6.      Reopening discovery now, post filing of the pretrial order, is unwarranted and prejudicial to Plaintiff in that she will have no opportunity to conduct further discovery, while Walmart will be given a special exception to the scheduling order in essence.

7.      WalMart had more than adequate time to depose the Plaintiff during the whole year time frame of 2021 to early 2022. It should not be permitted to now have a unilateral, post pretrial order, "carve out" from the scheduling order and Court imposed deadlines, so that it can conduct a deposition it could have already completed in the exercise of due diligence during the discovery period.

WHEREFORE, Plaintiff respectfully requests this Court to deny the motion to take Plaintiff's deposition.

Respectfully submitted

                                            */s/ Jason Bowles*
                                            Jason Bowles
                                            Bowles Law Firm
                                            4811 Hardware Drive, N.E., Suite D5
                                            Albuquerque, NM 87109
                                            Telephone: (505) 217-2680
                                            jason@bowles-lawfirm.com

                        ---and---

                                            */s/ Robert Gorence*
                                            Robert Gorence
                                            Gorence Law Firm
                                            300 Central Ave SW, Suite #1000E
                                            Albuquerque, NM  87102
                                            (505) 244-0214
                                            gorence@golaw.us


                        ---and---

                                            */s/ Todd J. Bullion*
                                            Todd J. Bullion
                                            4811 Hardware Drive, N.E., Suite D5
                                            Albuquerque, NM 87109
                                            (505) 452-7674
                                            toddjbullion@gmail.com

I hereby certify that a true and correct copy of the foregoing was electronically submitted this 18th day of May, 2022 to:

Charlotte Lamont
LITTLER MENDELSON, P.C.
Email: clamont@littler.com

Nathaniel Higgins
Email: nhiggins@littler.com

/s/ Jason Bowles
Jason Bowles
Bowles Law Firm