# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CATHY SINGLETON,

    Plaintiff,

vs.                                           Case No. 1:20-cv-01251-DHU-JHR

WALMART INC. d/b/a SAM'S CLUB,

    Defendant.

## REPLY IN SUPPORT OF OPPOSED MOTION TO TAKE PLAINTIFF'S DEPOSITION

In response to Defendant's Motion to take Plaintiff's Deposition ("Motion) [Doc. 38, filed 5.4.22], Plaintiff does not dispute that the parties contemplated, and indeed, Plaintiff suggested extending the pretrial deadlines so that the parties could pursue settlement negotiations. When those negotiations did not result in Defendant paying Plaintiff's last demand, Plaintiff flatly reneged on her agreement to extend the pretrial deadlines.

Defendant's only request is to depose Plaintiff, which will result in no prejudice to her. This matter presents a situation of, in essence, promissory estoppel – Plaintiff requested that the parties engage in settlement negotiations rather than set multiple depositions. Then, Plaintiff unilaterally withdrew her agreement to extend the deadlines and now resists Defendant's lone request to conduct the discovery it would have conducted but for Plaintiff's request to stay the depositions and engage in settlement negotiations – the deposition of Plaintiff.

Opposing counsel does not deny that they wrote "[w]e need to exchange dates [for depositions] and amend the scheduling order," or that they agreed to provide dates for depositions. *See* Motion, p. 1. Plaintiff's self-serving allegation that she alone sought deposition dates in this case is simply false. Relying on Plaintiff's explicit, written suggestion to extend the deadlines in this matter so the parties could further explore settlement, Defendant delayed setting

Plaintiff's deposition.  Now, Plaintiff asserts that Defendant should not have relied in good faith on her counsel's representations but instead should have forged ahead with discovery in spite of the parties' agreement to first try to settle this case before proceeding to schedule depositions. Such duplicitous conduct flies in the face of the New Mexico Rules of Professional Conduct, which require candid communication between counsel.  For example, *see, e.g.*, Rule 16-401 NMRA.

Notably, Plaintiff identifies no prejudice that will, or even may, result to her if she is required to give her deposition at this juncture in this case.  Instead, she asks the Court to punish Defendant for cooperating with her counsel and relying on their apparently disingenuous written representations.

WHEREFORE, Defendant respectfully requests the Court grant the Motion and enter an order allowing Defendant to take Plaintiff's deposition on short notice and at the convenience of Plaintiff and her counsel.

Respectfully submitted,

LITTLER MENDELSON, P.C.

*s/ Charlotte Lamont*
Charlotte Lamont
201 Third Street NW, Suite 500
Albuquerque, NM  87102
505.944.9682 (telephone)
505.231.0415 (facsimile)
clamont@littler.com

Nathaniel Higgins
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.652.4738 (telephone)
713.951.9212 (facsimile)
nhiggins@littler.com

**ATTORNEYS FOR DEFENDANT**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants this 3rd day of June, 2022:

Jason Bowles
Bowles Law Firm
4811 Hardware Drive, N.E., Building D, Suite 5
Albuquerque. NM 87109
jason@bowles-lawfirm.com

Robert Gorence
Gorence & Oliveros
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
gorence@golaw.us

Todd J. Bullion
300 Central Ave SW, Suite #1000E
Albuquerque, NM 87102
toddjbullion@gmail.com

*/s/ Charlotte Lamont*
Charlotte Lamont

4890-9725-4947.1 / 080000-4136